T.C. Summary Opinion 2004-146

UNITED STATES TAX COURT

JACK A. AND THERESA Y. SMITH, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11507-02S.             Filed October 21, 2004.

<u>Randy P. Zinna</u>, for petitioners.

<u>Brenda Fitzgerald</u>, for respondent.


PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined deficiencies of $10,396 and $1,056 in petitioners' 1998 and 1999 Federal income taxes, respectively. After concessions by the parties, the sole issue for decision is whether petitioners are liable for the 10-percent additional tax under section 72(t) on a pension distribution of $76,087 received during 1998.

This case was submitted fully stipulated pursuant to Rule 122. All of the facts stipulated are so found. Petitioners resided in Canton, Georgia, at the time they filed their petition.

Section 7491(a) does not apply because this case involves a legal issue.

Petitioner retired from the New Orleans Police Department (Police Department) in 1996. He retired from the Police Department at age 50, after completing 32 years of service.

During 1998, petitioner received $27,809.40 from his qualified retirement plan as part of a series of equal periodic payments from that plan. Respondent concedes that this amount is not subject to the additional tax under section 72(t).

During 1998, petitioner withdrew $76,087 in a lump-sum distribution of the balance of his qualified retirement plan (lump-sum distribution). The parties agree that "All of the distributions in this case are distributions from a qualified pension or retirement plan under I.R.C. § 401(a) of a government

entity." Respondent contends that the $76,087 is a distribution subject to the section 72(t) additional tax.

Section 72(t) imposes a 10-percent additional tax on early distributions from qualified retirement plans, unless an exception applies. Section 72(t)(2)(A)(iv) is the only relevant exception here.

Section 72(t)(2)(A)(iv) provides that the 10-percent additional tax shall not apply to distributions which are "part of a series of substantially equal periodic payments (not less frequently than annually) made for the life (or life expectancy) of the employee or the joint lives (or joint life expectancies) of such employee and his designated beneficiary".

Petitioners contend that "The lump sum distribution received by Petitioner was part of a series of substantially equal periodic payments based upon his life expectancy that were accumulated monthly from July 1, 1991 to July 1, 1994." Unfortunately, petitioners focus on the contributions made to the pension plan, not on the payments made from the plan.

We find that the lump-sum distribution does not satisfy the requirements of the exception under section 72(t)(2)(A)(iv). The lump-sum distribution was a one-time payment. The lump-sum distribution was not part of a series of substantially equal periodic payments made not less frequently than annually. On this record, we conclude that the lump-sum distribution is

subject to the 10-percent additional tax under section 72(t).

Contentions we have not addressed are irrelevant, moot, or without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered under Rule 155</u>.